THE HONORABLE JOHN C. COUGHENOUR

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10
11
12
13
14
15

| | |
|---|---|
| MADERA WEST CONDOMINIUM ASSOCIATION,<br><br>                    Plaintiff,<br><br>        v.<br><br>FIRST SPECIALTY INSURANCE CORPORATION,<br><br>                    Defendant. | CASE NO. C13-0724-JCC<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

16    This matter comes before the Court on Plaintiff's motion for summary judgment (Dkt.

17  No. 10). Having thoroughly considered the parties' briefing and the relevant record, the Court

18  finds oral argument unnecessary and hereby GRANTS in part the motion (Dkt. No. 10) for the

19  reasons explained herein.

20  **I.    BACKGROUND**

21    Madera West, LLC ("Madera West"), a non-party to this action, is a developer that

22  converted a 172-unit apartment complex into condominiums and created Plaintiff, the Madera

23  West Condominium Association ("Association") to maintain, repair, replace or restore common

24  elements of the condominiums. (Dkt. No. 1 at 1–3; Dkt. No. 10 at 2–3.) Madera West hired non-

25  party Steadfast Construction, Inc., to complete work on the project. Madera West and Steadfast

26  entered into a contract dated October 11, 2005, under which Steadfast was to perform

"[r]enovation of unit interiors." (Dkt. No. 11-9 at 1.) On some units, Madera West had Steadfast apply a coating to exterior decks and make other repairs to decks. (Dkt. No. 11-35 at 4.)

Defendant First Specialty Casualty Insurance Company provided Steadfast with two general liability commercial insurance policies. The first policy was effective August 15, 2004 to August 15, 2005. (Dkt. No. 11-3 at 11 (Policy No. FCP229002179600).) The second was effective August 15, 2005 to August 15, 2006. (Dkt. No. 11-5 at 15 (Policy No. FCP229002179601).) Under the terms of the policies, third parties for whom Steadfast worked under a written contract requiring indemnification were additional insureds. (Dkt. No. 11-5 at 31.)

In March 2009, Plaintiff Association sued Madera West in King County Superior Court, alleging that construction defects caused property damage to the condos. (Dkt. No. 11-10 at 4–9.) Madera West tendered the claim to First Specialty. (Dkt. No. 17-1 at 2.) First Specialty declined Madera West's tender (Dkt. No. 11-27.) First Specialty's denial letter asserted that "Madera West is not an additional insured with respect to this claim" and that "there is no 'occurrence' during the policy periods." (Dkt. No. 11-27 at 1.) First Specialty further asserted that there was no coverage under the 2005-2006 policy because it includes a "Construction of Residential Property exclusionary endorsement." (*Id.*)

The Association settled the underlying suit with both Madera West and Steadfast. (Dkt. No. 11-34.) The parties agreed to entry of a confession of judgment for $516,889 against Steadfast. (Dkt. No. 11-35.) They also agreed to entry of a confession of judgment for $5,426,858 against Madera West. (Dkt. No. 11-37.) Colony Insurance Company, which defended Steadfast as a named insured and Madera West as an additional insured, agreed to pay the Association $300,000. (Dkt. No. 11-34 at 2.) The Association agreed not to seek to execute the judgments against either Steadfast or Madera West. (Dkt. No. 11-34 at 3.) In exchange, Madera West and Steadfast assigned their rights against First Specialty to the Association. (Dkt. No. 11-34 at 2.)

1    The claims at issue in this case are similar to those at issue in another case pending before

2    the Court, *Madera West Condominium Association v. First Specialty Insurance Corporation*,

3    C12-0857-JCC (W.D. Wash.) ("first action"). The parties to both cases are also the same. The

4    instant action was filed a few days after the Court denied the Association's untimely motion for

5    leave to amend its complaint in the first action. The Association's arguments supporting its

6    motion for summary judgment (Dkt. No. 10) are similar to arguments made in its motion for

7    summary judgment in the first action (C12-0857-JCC, Dkt. No. 31).

8    **II.    DISCUSSION**

9       **A.    Summary Judgment Standard**

10   A court must grant summary judgment "if the movant shows that there is no genuine

11   dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

12   Civ. P. 56(a). An issue of fact is genuine if there is sufficient evidence for a reasonable jury to

13   find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). At

14   the summary judgment stage, evidence must be viewed in the light most favorable to the

15   nonmoving party, and all justifiable inferences are to be drawn in the nonmovant's favor. *Id*. at

16   255.

17   Under Rule 56(d), the Court may deny a motion for summary judgment, or defer ruling

18   on it, when "a nonmovant shows by . . . declaration that, for specified reasons, it cannot present

19   facts essential to justify its opposition." Fed. R. Civ. P. 56(d). First Specialty asks that if the

20   Court does not deny the Association's motion on the merits, it delay ruling on the motion. (Dkt.

21   No. 16-1 at 23–25.) The Association filed its motion two months after filing the instant action,

22   before a case schedule was set, and before any formal discovery had taken place. First

23   Specialty's counsel filed a declaration setting forth some of the discovery that she intends to take

24   in this matter that she believes may be relevant to the issues raised in the Association's motion.

25   (Dkt. No. 14.) Because the central issue raised in the Association's motion—whether First

26   Specialty's refusal to defend Madera West in the underlying construction defect suit was

permissible under Washington law—is nearly identical to the issue raised in the first action the Court deems it most efficient to address that issue. The additional discovery First Specialty seeks is not directly related to that question, but instead goes to damages, which the Court does not award at this juncture.

**B.    Duty to Defend**

The Court refers the parties to its analysis of the duty to defend issue found its order in the first action. (C12-0857-JCC, Dkt. No. 58 at 11–16.) For the reasons stated in the Court's order in the first action, it agrees with First Specialty that Madera West was not an additional insured under the 2004-2005 policy, which expired before Madera West contracted with Steadfast for work on the project. (*Id.* at 6.)  The Court concludes, however, that Madera West was an additional insured under the terms of the 2005-2006 policy and specifically rejects First Specialty's argument regarding first discovery of the damages, for the reasons set forth in the Court's order in the first action.  (*Id.* at 12–13.) Accordingly, the Court concludes that First Specialty breached its duty to defend Madera West in bad faith.

**C.    Scope of Liability**

First Specialty argues that even if it failed to defend in bad faith, and Madera West is entitled to a determination of coverage by estoppel, that coverage can only extend to damages caused by Steadfast's work. (Dkt. No. 16-1 at 15.) The Court agrees. Under *Ledcor Indus. (USA), Inc. v. Mut. of Enumclaw Ins. Co.*, 206 P.3d 1255, 1250–61 (Wash. Ct. App. 2009), a finding of bad faith and coverage by estoppel "does not operate to create coverage." Under the clear terms of the 2005-2006 policy, Madera West's coverage is limited to damages arising from Steadfast's work done under written contractual agreements with Madera West. (Dkt. No. 11-5 at 31.) To the extent that the confession of judgment against Madera West is based on damages caused by work performed by Madera West itself or by other subcontractors, there is no coverage for those damages. Moreover, the Court agrees with First Specialty that based on the documents in the record, particularly the statements of the Association's experts, it appears that

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
PAGE - 4

the confession of judgment entered against Steadfast accounts for all damages potentially

covered under the policy. The Court also notes that the payment from Colony Insurance to the

Association on behalf of Madera West and Steadfast appears to cover a large portion of the total

damages caused by Steadfast's defective work.

**III.    CONCLUSION**

   For the foregoing reasons, Plaintiff's motion for summary judgment (Dkt. No. 10) is

GRANTED in part.

   DATED this 6th day of August 2013.


John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
PAGE - 5