THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MADERA WEST CONDOMINIUM ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>FIRST SPECIALTY INSURANCE CORPORATION,<br><br>Defendant. | CASE NO. C13-0724-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion for summary judgment regarding damages and fees (Dkt. No. 46) and Defendant's motion to strike and motion for dismissal pursuant to Fed. R. Civ. P. 56(f)(1) (Dkt. No. 48). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the Plaintiff's motion for summary judgment (Dkt. No. 46), STRIKES the declarations (Dkt. Nos. 37, 38), and DISMISSES the case pursuant to Fed. R. Civ. P. 56(f)(1) for the reasons explained herein.

I.  BACKGROUND

This is the second in a pair of cases seeking insurance coverage and bad-faith damages for a settlement agreement and two confession judgments that were entered in an underlying condominium-conversion case in state court. The underlying action was *Madera West*

*Condominium Ass'n v. Madera West LLC, et al.*, King County Superior Court Cause No. 09-2-11022-1-SEA. The parallel insurance action in federal court was *Madera West Condominium Association v. First Specialty Insurance Corp.*, C12-0857-JCC (W.D. Wash.). Plaintiff Madera West Condominium Association ("the Association") sued in the parallel action as assignee of the subcontractor and named insured Steadfast Construction, Inc. ("Steadfast"), and sues in this action as assignee of developer Madera West, LLC ("the LLC").

In the underlying action, the Association, the LLC, and Steadfast agreed to entry of a confession of judgment for $516,889 against Steadfast, and to entry of a confession of judgment against the LLC for $5,426,858.

In this action, the Court granted in part Plaintiff's motion for summary judgment on August 6, 2013. (Dkt. No. 28.) In that order, the Court noted that "based on the documents in the record, particularly the statements of the Association's experts, it appears that the confession of judgment entered against Steadfast accounts for all damages potentially covered under the policy." (Dkt. No. 28 at 4–5.)

The Association has now moved for summary judgment seeking $134,655 for "additional damage caused by Steadfast's work." (Dkt. No. 46 at 5.) The Association bases this claim on two declarations that were prepared after the entry of judgment in the parallel action. (Dkt. Nos. 37, 38.)

**II. DISCUSSION**

**A. Motion to Strike**

To support its motion for summary judgment, the Association has included two expert reports purporting to establish the existence of additional damage for which Defendant First Specialty should be liable. First Specialty moves to strike these reports on the grounds of equitable and judicial estoppel and failure to disclose under Fed. R. Civ. P. 37(c)(1).

The first report is from Mark Jobe. (Dkt. No. 37.) Mr. Jobe was originally retained to examine property damage at the Madera West Condominiums. According to his declaration,

"[he] inspected the entire project" and "prepare[d] a scope of repair for deck framing, deck sheathing, deck coating, deck soffits, pan flashing for underneath the deck door, and removal of a small amount of siding to install the pan flashing." (Dkt. No. 37 ¶ 6.) That scope of repair was used in the underlying action to determine the reasonableness of the confession of judgment against Steadfast. According to Mr. Jobe, he "was recently asked to review the project again for the purpose of determining the extent of damage to conversion work on the decks caused to other building components not in my original scope of repair." (Dkt. No. 37 ¶ 7.) In moving for summary judgment, Plaintiff relies on this revised description of damage and an estimate for the cost of repairing the newly identified damage. (Dkt. No. 38.)

Having reviewed these documents, the Court GRANTS First Specialty's request to strike these declarations because the doctrines of equitable and judicial estoppel prevent the Association from relying on them. These doctrines have different purposes, although both seek to prevent a party from benefitting from inconsistent representations. Judicial estoppel "is designed to protect the integrity of the judicial process," while "equitable estoppel ensures . . . fairness between the parties." *OSRecovery, Inc. v. One Groupe Intern., Inc.*, 462 F.3d 87, 93 n.3 (2d Cir. 2006). "The elements of equitable estoppel are: (1) an admission, statement, or act inconsistent with the claim afterwards asserted; (2) action by the other party on the faith of such admission, statement, or act; and (3) injury to such other party resulting from allowing the first party to contradict or repudiate such admission, statement, or act." *Baker v. Phoenix Ins. Co.*, No. C12-1788-JLR, 2013 WL 3208564 at *4 (W.D. Wash. 2013) (citing Washington state cases). Factors relevant in considering the application of judicial estoppel are (1) whether a party has taken a position that is "clearly inconsistent" with its position in earlier litigation, (2) "whether the party has succeeded in persuading a court to accept that party's earlier position," and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782–83 (9th Cir. 2001).

ORDER
PAGE - 3

The Court agrees with First Specialty that the Association has never previously suggested that the nature and scope of Steadfast's work on the Madera West project encompassed the additional damage described here. The current description of the damage is inconsistent with its prior representations. This Court and the court in the underlying action relied on these representations, and First Specialty's defense has been conducted on the basis of these representations. First Specialty would be unfairly disadvantaged by having to defend against an entirely new set of allegations that appeared for the first time after the underlying action concluded and after judgment was entered in the parallel action. In response, the Association argues that First Specialty "fails to identify a single statement or quote that alleges '100% of all property damage caused by Steadfast's work is in the Steadfast judgment.'" (Dkt. No. 53 at 3.) Functionally, the Association argues that because the parties and the Court assumed that all damage was accounted for, the Association should now be allowed to expand the scope of damage. The Court disagrees and does not consider these declarations, which are inconsistent with previous representations.

### B.  Judgment under FRCP 56(f)(1)

The Court has already concluded that "[t]o the extent that the confession of judgment against [the LLC] is based on damages caused by work performed by [the LLC] itself or by other subcontractors, there is no coverage for those damages." (Dkt. No. 28 at 4.) Coverage extended only to damages caused by Steadfast's work. (*Id.*) And the Court has already recognized that the record, "particularly the statements of the Association's experts," shows that the confession of judgment entered against Steadfast accounts for all damages potentially covered under the policy. (*Id.* at 4–5.) Because the Court has stricken the newly revised and inconsistent expert reports, no competent evidence suggests otherwise. Accordingly, the Court agrees with First Specialty that the Association's motion for summary judgment should be denied, and that dismissal is appropriate under Fed. R. Civ. P. 56(f)(1) because no further factual development is necessary. The Court GRANTS judgment for First Specialty.

### C. Attorney Fees

The Association also seeks fees and costs incurred in pursuing its claim against the LLC in the underlying action. First Specialty is liable for defense costs because of the duty to defend the insured. Plaintiff argues that it should recover its own attorney fees because there is a "nexus" between its fees and Steadfast's work, i.e., because Steadfast caused damage and the Association had to bring a suit because of that damage. (Dkt. No. 53 at 7.) But by this reasoning, every insurer is always liable to pay all costs that a non-insured party incurs in bringing an action against an insured party. Plaintiff cites no support for this argument, and the Court rejects it. Moreover, it is undisputed that LLC was defended by another insurer. The LLC therefore was not harmed by any failure to defend. *See Ledcor Industries, Inc. v. Mutual of Enumclaw Ins. Co.*, 206 P.3d 1255, 1261 (Wash. Ct. App. 2009). The Court therefore DENIES Plaintiff's request for fees and costs.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment and request for fees and costs (Dkt. No. 46) is DENIED. The Court DISMISSES this action pursuant to Fed. R. Civ. P. 56(f)(1).

DATED this 23rd day of May 2014.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE